Case 1:19-cr-03171-L015-FPG-MJR Document 1 Filed 07/18/07/24/2019 Page 1 of 14

FILED BY YR D.C.
Jul 24, 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**19-3171-MJ-LOUIS**

# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York

|  |  |
|---|---|
| | November 2017 Grand Jury (Impaneled 11/3/2017) |
| **THE UNITED STATES OF AMERICA** | **INDICTMENT** |
| -vs- | **Violations:**<br>Title 18, United States Code, Sections 1028A(a)(1), 1029(a)(1), 1349, and 2<br>(3 Counts) |
| **GIOSDEIVY DUARTE TORRESILLA** (Counts 1-3),<br>**DEIVER PEREZ TORRESILLA** (Counts 1-3), and<br>**ABEL GARCIA FERNANDEZ** (Counts 1-3) | |

## INTRODUCTION

**The Grand Jury Charges That:**

At all times relevant to this Indictment:

1. Empire One Federal Credit Union was a financial institution as that term is defined by Title 18, United States Code, Section 20, with deposits insured by the National Credit Union Share Insurance Fund.

2. Bank of America was a financial institution as that term is defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation.

3. Meridia Community Federal Credit Union was a financial institution as that term is defined by Title 18, United States Code, Section 20, with deposits insured by the National Credit Union Share Insurance Fund.

4. M&T Bank was a financial institution as that term is defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation.

5. Citizens Bank was a financial institution as that term is defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation.

6. Capital One Bank was a financial institution as that term is defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation.

7. KeyBank was a financial institution as that term is defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation.

**COUNT 1**
**(Conspiracy to Commit Bank Fraud)**

**The Grand Jury Further Charges That:**

1. The Introductory Allegations are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

A. **Objects of the Conspiracy**

2. Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuing through on or about January 24, 2017, in the Western District of New York, and elsewhere, the defendants, GIOSDEIVY DUARTE TORRESILLA, DEIVER PEREZ TORRESILLA, and ABEL GARCIA FERNANDEZ, did knowingly, willfully, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to knowingly execute a scheme and artifice to defraud financial institutions, including, but not limited to, Empire One Federal Credit Union, Bank of America, Meridia Community Federal Credit Union, M&T Bank, Citizens Bank, Capital One Bank, and KeyBank, and to obtain money, funds, credits, assets, and property owned by and under the custody and control of financial institutions, including, but not limited to, the said financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

B. **Manner and Means of the Conspiracy**

3. The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

4. Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuing through on or about January 24, 2017, the defendants, GIOSDEIVY DUARTE TORRESILLA ("DUARTE TORRESILLA"), DEIVER PEREZ TORRESILLA ("PEREZ TORRESILLA"), and ABEL GARCIA FERNANDEZ ("GARCIA FERNANDEZ"), and others, known and unknown to the Grand Jury,

3

participated in a scheme and artifice by which they fraudulently obtained account information associated with credit card and debit card accounts from various financial institutions.

5.      During the course of the scheme and artifice, the defendants and others used counterfeit access devices, that is, cards re-encoded with fraudulently obtained credit card and debit card account information.

6.      During the course of the scheme and artifice, the defendants used counterfeit access devices at numerous Walmart stores to make fraudulent purchases of Walmart gift cards using money, funds, and credits from the accounts at the financial institutions.

C.     **Acts In Furtherance of the Scheme and Artifice**

7.      In furtherance of the conspiracy, and to effect the purposes and objects thereof, the following acts, among others, were committed in the Western District of New York, and elsewhere:

8.      On or about January 18, 2017, DUARTE TORRESILLA, PEREZ TORRESILLA, and GARCIA FERNANDEZ, along with Coconspirator 1 and Coconspirator 2, individuals known to the Grand Jury, traveled to Bradley International Airport, Windsor Locks, Connecticut, from Miami International Airport, Miami, Florida, via American Airlines. The airplane tickets were purchased with a credit card owned by PEREZ TORRESILLA.

9.      On or about January 18, 2017, DUARTE TORRESILLA and Coconspirator 2 rented vehicles from Enterprise Rent-A-Car, at Bradley International Airport, Windsor, Connecticut. DUARTE TORRESILLA rented a white Ford Expedition with North Carolina license plate EHK6724. Coconspirator 2 rented a red Nissan Versa with Virginia license plate VMH6495.

10.     Between on or about January 18, 2017, and on or about January 22, 2017, DUARTE TORRESILLA, PEREZ TORRESILLA, GARCIA FERNANDEZ, and Coconspirators 1 and 2 traveled from Connecticut and across New York State to the Western District of New York.

11.     On or about January 24, 2017, GARCIA FERNANDEZ made fraudulent purchases at a Walmart store in Albion, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from an Empire Federal Credit Union debit card account ending in 0057 owned by Card Holder 1, a person known to the Grand Jury. The purchases were not authorized by Card Holder 1.

12.     On or about January 23, 2017, GARCIA FERNANDEZ made fraudulent purchases at a Walmart store in Williamsville, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Bank of America debit card account ending in 9768 owned by Card Holder 2, a person known to the Grand Jury. The purchases were not authorized by Card Holder 2.

13. On or about January 24, 2017, Coconspirator 2 made fraudulent purchases at a Walmart store in Albion, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Meridia Community Federal Credit Union debit card account ending in 5323 owned by Card Holder 3, a person known to the Grand Jury. The purchases were not authorized by Card Holder 3.

14. On or about January 23, 2017, GARCIA FERNANDEZ made a fraudulent purchase at a Walmart store in Williamsville, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from an M&T Bank debit card account ending in 7144 owned by Card Holder 4, a person known to the Grand Jury. The purchase was not authorized by Card Holder 4.

15. On or about January 23, 2017, Coconspirator 2 made a fraudulent purchase at a Walmart store in Lockport, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Citizens Bank debit card account ending in 3205 owned by Card Holder 5, a person known to the Grand Jury. The purchases were not authorized by Card Holder 5.

16. On or about January 23, 2017, GARCIA FERNANDEZ made a fraudulent purchase at a Walmart store in Williamsville, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from an M&T Bank debit card account ending in 6653 owned by Card Holder 6, a person known to the Grand Jury. The purchases were not authorized by Card Holder 6.

17.     On or about January 23, 2017, GARCIA FERNANDEZ made a fraudulent purchase at a Walmart store in Williamsville, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Bank of America debit card account ending in 5127 owned by Card Holder 7, a person known to the Grand Jury. The purchases were not authorized by Card Holder 7.

18.     On or about January 23, 2017, GARCIA FERNANDEZ made a fraudulent purchase at a Walmart store in North Tonawanda, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Bank of America debit card account ending in 6507 owned by Card Holder 8, a person known to the Grand Jury. The purchases were not authorized by Card Holder 8.

19.     On or about January 23, 2017, GARCIA FERNANDEZ made a fraudulent purchase at a Walmart store in Niagara Falls, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Bank of America debit card account ending in 3666 owned by Card Holder 9, a person known to the Grand Jury. The purchases were not authorized by Card Holder 9.

20.     On or about January 23, 2017, Coconspirator 1 made fraudulent purchases at Walmart stores in Hamburg, Cheektowaga, Amherst, Williamsville, Lockport, and North Tonawanda, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Capital One Bank credit card

7

account ending in 8924 owned by Card Holder 10, a person known to the Grand Jury. The purchases were not authorized by Card Holder 10.

21. On or about January 24, 2017, Coconspirator 1 made a fraudulent purchase at a Walmart store in Albion, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a KeyBank debit card account ending in 0823 owned by Card Holder 11, a person known to the Grand Jury. The purchases were not authorized by Card Holder 11.

22. On or about January 23, 2017, Coconspirator 2 made fraudulent purchases at a Walmart store in Hamburg, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Capital One Bank credit card account ending in 1407 owned by Card Holder 12, a person known to the Grand Jury. The purchases were not authorized by Card Holder 12.

23. On or about January 24, 2017, Coconspirator 1 made a fraudulent purchase at a Walmart store in Albion, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from a Citizens Bank debit card account ending in 6018 owned by Card Holder 13, a person known to the Grand Jury. The purchases were not authorized by Card Holder 13.

24. On or about January 23, 2017, GARCIA FERNANDEZ made a fraudulent purchase at a Walmart store in Hamburg, New York, in the Western District of New York,

using a counterfeit access device, that is, a card re-encoded with information from a Citizens Bank debit card account ending in 7546 owned by Card Holder 14, a person known to the Grand Jury. The purchases were not authorized by Card Holder 14.

25. On or about January 23, 2017, GARCIA FERNANDEZ made fraudulent purchases at Walmart stores in Cheektowaga and Williamsville, New York, in the Western District of New York, using a counterfeit access device, that is, a card re-encoded with information from an M&T Bank debit card account ending in 3737 owned by Card Holder 15, a person known to the Grand Jury. The purchases were not authorized by Card Holder 15.

26. On or about January 23, 2017, Co-conspirator 1 and Co-conspirator 2 sent text messages to DUARTE TORRESILLA containing images of genuine Walmart gift cards purchased with counterfeit access devices.

**All in violation of Title 18, United States Code, Section 1349.**

## COUNT 2
### (Use of Counterfeit Access Devices)

**The Grand Jury Further Charges That:**

1. The Introductory Allegations and the allegations of Count 1 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

2. Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuing through on or about January 24, 2017, in the Western District of

9

New York, and elsewhere, the defendants, GIOSDEIVY DUARTE TORRESILLA, DEIVER PEREZ TORRESILLA, and ABEL GARCIA FERNANDEZ, did knowingly and with intent to defraud produce, use, and traffic in counterfeit access devices, that is, counterfeit credit cards and debit cards, such production, use, and trafficking affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i) and 2.

## COUNT 3
### (Aggravated Identity Theft)

**The Grand Jury Further Charges That:**

1. The Introductory Allegations and the allegations of Counts 1 and 2 are repeated, realleged and incorporated by reference as if fully set forth herein.

2. Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuing through on or about January 24, 2017, in the Western District of New York, and elsewhere, the defendants, GIOSDEIVY DUARTE TORRESILLA, DEIVER PEREZ TORRESILLA, and ABEL GARCIA FERNANDEZ, did knowingly transfer, possess, and use, without lawful authority, means of identification of other persons, that is, the credit card and debit card account numbers of Card Holders 1 through 15, during and in relation to felony violations enumerated in Title 18, United States Code, Section 1028A(c), that is, violations of Title 18, United States Code, Sections 1349 and 1029(a)(1) committed in the manner set forth in Counts 1 and 2 of this Indictment, knowing that the means of identification belonged to other actual persons.

**All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

### FIRST FORFEITURE ALLEGATION
**(Proceeds)**

**The Grand Jury Alleges That:**

Upon conviction of any of the offenses alleged in Counts 1 through 3 of this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations including, but not limited to the following:

**MONETARY JUDGMENT**:

   The sum of Fifteen Thousand Four Hundred Eighty-Four Dollars and 27 Cents ($15,484.27) in United States currency, or a sum to be determined by the Court, to be evidenced by a judgment issued by this Court against the defendant. Said judgment will be referenced in the PRELIMINARY and FINAL ORDER OF FORFEITURE and will provide for interest to accrue at the prevailing rate per annum and serve as a lien against the defendant's property, wherever situated, until fully satisfied.

### SUBSTITUTE ASSETS

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

11

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty.

It is the intention of the United States, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

**All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 982(a)(2)(B) and Title 21, United States Code, Section 853(p).**

## SECOND FORFEITURE ALLEGATION
### (Facilitating Property)

**The Grand Jury Alleges That:**

Upon conviction of any of the offenses alleged in Counts 2 and/or 3 of this Indictment, the defendant shall forfeit to the United States any property including, but not limited to, access devices, "skimmers" and other equipment used or intended to be used to commit the offenses.

**All pursuant to Title 18, United States Code, Sections 1028(h) and 1028(c)(1)(C).**

DATED: Buffalo, New York, July 18, 2018.

            JAMES P. KENNEDY, JR.
            United States Attorney


      BY:  S/PAUL E. BONANNO
          Assistant United States Attorney
          United States Attorney's Office
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York 14202
          716-843-5873
          Paul.Bonanno@usdoj.gov


A TRUE BILL:

S/FOREPERSON

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

| United States of America | ) |
| --- | --- |
| v. | ) |
| Giosdeivy Duarte Torresilla | ) Case No. 18-CR- **18CR152** |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Giosdeivy Duarte Torresilla,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. Sections 1028A(a)(1), 1029(a)(1), 1349 and 2

Date: JUL 1 8 2018

**MARY C. LOEWENGUTH**
*Issuing officer's signature*

City and state: Buffalo, New York

MARY C. LOEWENGUTH, CLERK OF THE COURT
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*